IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL CASE NO. 2:11mc03

TERRENCE LEROY WRIGHT,       )
                             )
         Petitioner,         )
                             )
    vs.                      )    **O R D E R**
                             )
WANDA BROOMS,                )
                             )
         Respondent.         )
_____)

**THIS MATTER** is before the Court on the following filings made by the Petitioner:

1.  Notarial Protest Judgment [Doc. 1];

2.  Notice of Power of Attorney with Attached Holder-in-Due-Course [Doc. 3];

3.  Ministerial Ratification for Writ of Confession/Writ of Default [Doc. 5]; and

4.  Motion for Speedy Ratification [Doc. 6].

The Petitioner lists his address as the Nash Correctional Institution in Nashville, North Carolina. [Doc. 1-1]. Public records disclose that in April

1996, the Petitioner was convicted in state court of first-degree burglary and sentenced to thirty years in prison. State v. Wright, 127 N.C.App. 592, 492 S.E.2d 365 (1997), rev. denied 347 N.C. 584, 502 S.E.2d 616 (1998). His conviction and sentence were affirmed on appeal. Id.

In March 1999, the Petitioner was convicted in Charleston County, South Carolina of murder and burglary and sentenced to life in prison. Wright El v. Jackson, 2012 WL 723215 (D.S.C. 2012). He was returned to North Carolina to complete that state's sentence. Id.

In 2007, the Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 was denied as untimely. Wright-Bey v. North Carolina, 2007 WL 2583400 (W.D.N.C.), appeal dismissed 268 F. App'x. 266 (4th Cir. 2008), cert. denied 555 U.S. 847, 129 S.Ct. 93, 172 L.Ed.2d 79 (2008). In February 2012, the Petitioner filed a Petition for a Writ of Habeas Corpus in state court, a petition which was promptly denied. State v. Wright, __ N.C. App. __, 722 S.E.2d 210 (2012).

Undeterred, the Petition then sought a writ in the United States District Court for the District of South Carolina. Wright El, 2012 WL 723215. That petition was also denied. Id.

The document filed in this action was not actually signed by the

2

Petitioner, who is identified as "Terrence Leroy Wright." [Doc. 1]. Instead, the document was signed by Angela Whitted who states that she is a notary public presenting a "DISHONOR Default Judgment against Wanda Brooms Graham County Clerk of Court" for "radification [sic] by any judge." [Id. at 2]. Apparently, Angela Whitted seeks to register a judgment in this Court. Among the documents attached thereto, however, there is no judgment from any court.

The filing titled "Notice of Power of Attorney with Attached Holder-in-Due Course," is presented to this Court in the name of someone identified as Terrence Wright El who asserts that he is a "Moorish Sovereign National." [Doc. 3 at 1]. In this filing, Terrence Leroy Wright purports to give his power of attorney to someone identified as Terrence Wright El. [Id. at 3-4]. No one named Terrence Leroy Wright, however, has signed this document, In fact, even though Terrence Leroy Wright is identified as the Petitioner in this proceeding, no one identified as Terrence Leroy Wright has signed any of the documents filed in this proceeding.

In the subsequent filing titled "Ministerial Ratification for Writ of Confession/Writ of Default," the Petitioner identifies himself as "Terrence Wright El, Moorish Sovereign National." [Doc. 5]. Although the document was

3

submitted to this Court for filing, the caption indicates that it was intended to be filed in state court. [Id.] ("Judicial Administrative Proceeding State Republic of North Carolina"). Indeed, there is a reference within the document to a proposed judgment submitted to the Hon. James U. Downs who is a state court judge. [Id. at 3]. The document does not state the reason for the filing, at the conclusion thereof the Petitioner makes a reference to obtaining the release of his "collateral chattel property from Nash Correctional Institution," which is the state correctional facility at which he is serving his sentence. [Id. at 4]. It appears that the Petitioner seeks the dismissal of "obligations" imposed in the North Carolina state court prosecutions based on his status as a Moorish sovereign. [Id. at 6]. Petitioner does not explain, however, what those obligations are.

It is clear that the Petitioner, seeks relief based on his claim that he is a Moorish sovereign. His filings are but "the most recent incarnation of a notorious organization ... [that] attempt[s] to benefit from the protections of federal and state law while simultaneously proclaiming ... independence from and total lack of responsibility under those same laws." El-Bey v. United States, 2009 WL 1019999 **1 (M.D.N.C. 2009). The United States has not recognized the so-called "Moorish Nation" as a sovereign. Id.; United States

4

v. $7,000.00 in United States Currency, 583 F.Supp.2d 725 (M.D.N.C. 2008). Any claim, therefore, that the Petitioner is "not subject to the laws of North Carolina because of [his] alleged Moorish nationality" must be considered frivolous. El-Bey v. North Carolina, 2012 WL 368374 (E.D.N.C. 2012). Likewise, any claim raised by the Petitioner which is based on his membership in such a nation must be considered frivolous. El-Bey v. City of Charlotte, 2011 WL 4757653 (W.D.N.C. 2011), Report and Recommendation adopted 2011 WL 4755560 (W.D.N.C. 2011), affirmed __ F. App'x. __, 2012 WL 432889 (4th Cir. 2012). Any claim, moreover, which relies on documents or arguments based on the doctrines of that nation must be considered frivolous. El-Bey v. North Caroina Dept. of Health and Human Service, 2010 WL 520877 (M.D.N.C. 2010), Report and Recommendation adopted 2010 WL 3283061 (M.D.N.C. 2010). The filings made in this proceeding do not disclose what relief Whitted or the Petitioner seek. It is clear, however, that the filings made in this matter must be deemed to be frivolous. The proceeding will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that this miscellaneous proceeding is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that as a result, any relief sought by the

Petitioner's filings titled Notarial Protest Judgment [Doc. 1]; Notice of Power of Attorney with Attached Holder-in-Due-Course [Doc. 3]; Ministerial Ratification for Writ of Confession/Writ of Default [Doc. 5]; and Motion for Speedy Ratification [Doc. 6] is hereby **DENIED**.

Signed: May 30, 2012

Martin Reidinger
United States District Judge